IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHARON D. MABON MILLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:23-cv-2264-SHL-atc |
| ) | |
| MEMPHIS LIGHT GAS & WATER, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION
TO DISMISS COMPLAINT FOR INSUFFICIENT SERVICE**

Before the Court is Plaintiff's *pro se* Complaint filed on May 1, 2023. (ECF No. 1.) On May 2, 2023, the Court issued two summonses to Plaintiff Sharon D. Mabon Mills to effect service of process on Defendant Memphis Light Gas & Water. (ECF. No. 7.) Plaintiff has filed no proof of service or otherwise communicated with the Court since. For the reasons set forth below, it is recommended that Plaintiff's Complaint be dismissed without prejudice.

**PROPOSED FINDINGS OF FACT**

On May 1, 2023, Plaintiff filed a *pro se* Complaint alleging violations of Title VII of the Civil Rights Act of 1964 against Defendant. (ECF No. 1.) On October 13, 2023, the Court entered an Order to Show Cause, explaining that the docket provided no indication that Defendant had been served, and more than 165 days had passed since the filing of her Complaint. (ECF No. 8.) The Court ordered Mills to either submit proof of service on Defendant or show cause as to why the case should not be dismissed pursuant to Federal Rule of

Civil Procedure 4(m) for failure to prosecute by November 13, 2023. (*Id.*) To date, Mills has not filed proof of service on Defendant, nor has she responded to the Order to Show Cause.

## **PROPOSED CONCLUSIONS OF LAW**

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties." *Collins v. Waste Mgmt.*, No. 17-2704-SHL-dkv, 2017 WL 6947871, at *2 (W.D. Tenn. Dec. 22, 2017), *report and recommendation adopted*, 2018 WL 445125 (W.D. Tenn. Jan. 14, 2018) (quoting *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)). "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Id.* (quoting *Omni Cap., Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987)). Pursuant to Rule 4(l), "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Complaint in this case was filed on May 1, 2023. Thus, pursuant to Rule 4(m), Mills had ninety days, or until July 30, 2023, to serve Defendant. On October 13, 2023, the Court gave Mills an additional thirty days to serve Defendant via the Order to Show Cause. (ECF No. 8.) As of the date of this Report and Recommendation, Mills has not filed proof of service on Defendant, nor has she responded to the Court's Order. She has therefore failed to serve process as required under Rule 4(m).

Because Mills has failed to effectuate service and has failed to respond to the Show Cause Order, this case is subject to dismissal without prejudice under Federal Rule of Civil

Procedure 41(b). Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool allowing district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.* (quoting *Knoll*, 176 F.3d at 363).

This Circuit applies a four-factor test to determine if dismissal for failure to prosecute is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Carpenter*, 723 F.3d at 704. "[N]one of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious

3

conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

The four *Carpenter* factors weigh in favor of dismissal under Rule 41(b). First, the amount of time that has lapsed from the filing of the Complaint on May 1, 2023, and since the Court's Order to Show Cause on October 13, 2023, indicates a willful failure to prosecute on Mills's part. Mills has neither effected service nor sought other relief during that time. Mills's failure to effectuate service and advance her case for 165 days is a willful failure.

Second, a dismissal without prejudice will not adversely affect any party. Mills may refile this action if she chooses to do so, and no prejudice to Defendant from dismissal is apparent.

Third, the Court previously warned Mills that failure to comply with the Order to Show Cause may result in the dismissal of her action without prejudice. (ECF No. 8.) Thus, Mills has had fair warning that a failure to respond would lead to dismissal.

Finally, less drastic options have been considered, and executed, prior to this Recommendation. The Court provided Mills thirty days to respond to the Show Cause Order (ECF No. 8), but she failed to respond or otherwise take any action in this case.

Because all four factors demonstrate a failure to prosecute and failure to comply with a court order, dismissal without prejudice is warranted. *See Sails v. Bluescope Bldgs. N. Am., Inc.*, No. 1:22-cv-01068-STA-jay, 2022 WL 12140215 (W.D. Tenn. Sept. 22, 2022), *report and*

4

*recommendation adopted*, 2022 WL 11988108 (W.D. Tenn. Oct. 20, 2022) (recommending dismissal under similar circumstances).

## RECOMMENDATION

Due to Mills's failure to effect proper service on Defendant, as well as her failure to respond to the Order to Show Cause, it is recommended that this case be dismissed without prejudice, pursuant to Rules 4(m) and 41(b).

Respectfully submitted this 20th day of November, 2023.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.